MATO, PLAINTIFF AND APPELLANT, *v.* BANCO TERRITORIAL Y AGRÍCOLA, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 2380.—Decided December 12, 1921.

MORTGAGE—SUBMORTGAGE—CONSENT.—A voluntary mortgage lien may be submortgaged, but the submortgage is subject to the resolution of the original mortgage. The mortgagee need not obtain the mortgagor's consent in order to submortgage his lien.

ID.—ID.—PAYMENT—CANCELATION.—When it is shown that a mortgage has been extinguished by the payment of the debt which it secured within the time fixed in the contract, a public instrument duly setting forth this fact is sufficient for the cancelation in the registry of the mortgage and the submortgage created thereon to secure any obligation, although it were the issuance of mortgage bonds.

ID.—ID.—DAMAGES.—The mortgagee having complied with all of his obligations and duly executed the deed of cancelation, if the registrar of property erroneously refuses to give effect to the instrument the mortgagee is not liable for such damages as the mortgagor may suffer thereby, especially when the mortgagor himself presented the instrument in the registry and did not appeal from the registrar's decision.

The facts are stated in the opinion.
*Messrs. Benet & Souffront* for the appellant.

*Mr. Juan de Guzmán Benítez* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for damages. The plaintiff is the owner of a certain farm which was mortgaged to the defendant bank. The debt secured by the mortgage was paid in full and the bank executed a deed canceling the mortgage. The deed was presented in the Registry of Property of San Germán and the registrar refused to record it because the mortgage lien had been submortgaged by the bank to secure an issue of mortgage bonds which did not appear to have been totally retired. No appeal was taken from the registrar's decision and it became final.

The plaintiff gave the bank notice of the decision and the bank placed the matter in the hands of its attorney. The plaintiff alleges that an opportunity then presented itself for the sale of her property, but the offer was withdrawn when the prospective purchaser discovered that there was a lien on the property according to the registry, the plaintiff thus being prevented from realizing a profit of five thousand dollars and being compelled also to incur expenses amounting to six hundred dollars.

Judgment was finally entered against the plaintiff because the district court found that the deed of cancelation executed by the bank was sufficient and the bank was not responsible for the error committed by the registrar in refusing to record the cancelation.

It is an admitted fact that the bank submortgaged the said mortgage lien without asking the mortgagor's consent, and the first question that arises is whether or not the bank had a right to do so. In our opinion this question must be answered in the affirmative, in accordance with subdivision 8 of article 107 of the Mortgage Law, which provides as follows:

"The following may be mortgaged, but with the restrictions hereinafter mentioned. * * * 8. The right of voluntary mortgage, but

that constituted on such right shall be subject to the resolution thereof.''

Commenting on this statute, Galindo says:

''What is said in the preamble of the Mortgage Law in treating of superficial rights is here repeated: That although without an express declaration it would always be understood that a mortgage, like other transferable real rights, is susceptible of being mortgaged, yet it was specially stated in the law in order to remove doubts and also to determine the extent of the rights of the mortgagee.

''Even this does not seem to us to have been necessary, for considering the principle of law that no one can convey to another more rights than he himself has, and the right of the mortgagee in the mortgaged property being temporary, for whatever reason it terminates, that of the submortgagee also terminates. See comment on art. 82.'' 3 Galindo, Mortgage Law, 4th ed., 191.

The second question is this: Did the defendant bank fully discharge its obligation in relation to the cancelation? In our opinion this question should be answered in the affirmative also.

According to the mortgage deed executed in favor of the bank, the mortgagor agreed ''to pay all expenses that may originate by reason of this contract, not only for this deed, a copy thereof, its record in the registry and a certificate hereinafter mentioned, but also for all documents which may be necessary to perfect this contract, and also for such deeds of acquittal and cancelation in whole or in part as the mortgagor may demand upon making a payment, which the bank will forthwith execute in due form, provided, as already said, that the mortgagor pays the expenses, for the bank has to pay none.''

The debt having been paid, the mortgagor asked the mortgagee for a deed of cancelation and the mortgagee complied. The deed contained all that was necessary to establish a complete extinguishment of the lien. The mortgagee was not bound by the contract to present the document in the registry. This was left to the mortgagor.

The mortgagor did in fact present the document in the registry and the registrar refused to record the cancelation. If the registrar erred it is clear that the bank can not be held liable for such damages as the mortgagor may have suffered, especially as the mortgagor could have appealed from the registrar's decision, but did not do so and merely notified the bank of the fact.

The registrar's error is manifest. He confused the rule governing the cancelation of a mortgage to secure an obligation to the bearer, to which subdivision 5 of article 82 of the Mortgage Law refers, with that relating to the cancelation of a submortgage referred to in subdivision 8 of article 107 of the Mortgage Law.

If the bank had directly mortgaged properties to protect the bondholders, then that mortgage could not have been canceled without first showing the extinguishment of all the obligations secured, in accordance with said article 82 of the Mortgage Law.

But when, as in this case, a submortgage is created on a mortgage which, according to law, can be done only with the restriction that the submortgage is subject to the resolution of the mortgage, and when it is shown that the first mortgage was extinguished by the payment of the debt which it secured within the time fixed in the contract, then a public instrument duly setting forth this fact is sufficient for the cancelation in the registry of the submortgage created to secure any obligation, although it may have been an issue of mortgage bonds. The bondholders are not put at a disadvantage. They knew from the registry and from the law the extent of the security given to them.

The appellant insists that after the registrar refused to record the cancelation the bank voluntarily assumed the obligation to prepare the necessary documents so that the cancelation could be made in the registry, but did not do so.

Several letters written to the plaintiff by the manager of

the bank were produced in evidence to that effect. It is doubtful whether the bank had full knowledge of the matter before the expiration of the time within which to appeal from the registrar's decision, but in any event the action of the bank in attempting to prepare such documents as would meet the requirements of the registrar, notwithstanding the fact that it had done from the first all that it was bound to do in compliance with its obligation, can not operate to its prejudice. It appears from the record that when the bank finally retired all of the mortgage bonds secured by the sub-mortgage involved in this case and by other property, it executed a deed in conformity with said article 82 and that deed served to cancel all the liens recorded in the Registry of Property of San Germán to secure the said issue of the bonds, notwithstanding the fact that this is not required by any other registry of the Island.

By reason of all the foregoing and without the necessity of considering and deciding whether or not the damages alleged were proved, we are of the opinion that the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.